IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                  CAUSE NO. 1:17CR113-LG-JCG-1

**ANTONIO MICHAEL ROSS**

### ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER AND DENYING MOTION TO AMEND/CORRECT

**BEFORE THE COURT** are the [72] Motion to Reconsider and the [78] Motion to Amend/Correct filed by Defendant Antonio Michael Ross. The Government filed a [75] Response in opposition to Ross' [72] Motion to Reconsider. After reviewing the Motions, the record in this matter, and the applicable law, the Court finds that Defendant's Motions should be denied.

### BACKGROUND

On January 27, 2020, Ross filed a pro se [34] Motion for Compassionate Release based on medical issues, including "stage 4 renal failure with hyperkalemia, exertional dyspnea, high blood pressure, heart disease, serious lung related issues, and is in need of a kidney transplant." (Mot., at 2, ECF No. 34.) He also takes immunosuppressants due to a past heart transplant. On February 18, 2020, Ross filed a [36] Motion to Supplement his Motion for Compassionate Release claiming that he has not received proper medical care and suffered a deterioration in his health while incarcerated with the Bureau of Prisons. On April 21, 2020, an assistant public defender filed an [38] Emergency Supplemental Motion for

Compassionate Release asserting that Ross should be released from prison because he is at a very high risk of contracting coronavirus disease 2019 ("COVID-19"). This Court entered a [52] Memorandum Opinion and Order denying these Motions because Ross had fully recovered from COVID-19 and had not otherwise demonstrated extraordinary and compelling reasons for release. The Court further found that Ross has an extensive criminal history, and he potentially poses a danger to others if he is released.

On June 19, 2020, Ross filed a [54] Motion for Reconsideration of the Court's denial of compassionate release. He also filed a [61] Motion to Supplement Motion for Reconsideration, effectively citing his compromised immune system and his kidney failure, as well as downplaying his criminal history, particularly his past convictions for battery of his wife, as reasons justifying reconsideration. The Court denied Ross' Motions, finding that they reasserted arguments previously considered and rejected by the Court. (*See* Order, at 3, ECF No. 64).

Ross filed the instant [72] Motion to Reconsider on July 23, 2021. In his Motion, Ross lists the same medical conditions he cited in his previous motions as the bases for relief. He also argues that FCI Butner, where Ross is currently incarcerated, has failed to provide him adequate medical care. He claims that this so-called "delay" is further damaging Ross' kidney, which will put Ross at serious risk of severe illness or death if he were to contract COVID-19 or the "Delta variant." (*See* Mot., at 3-4, ECF No. 72). Ross also notes the programs he has participated in while incarcerated at FCI Butner as weighing in favor of his release.

(*See id.* at 9-10). The Government filed its opposition on August 3, 2021, noting that Ross' vaccination, in addition to the precautions FCI Butner is taking to limit the spread of the virus, as reasons to deny his Motion. Thereafter, on August 4, 2021, Ross filed a [78] Motion to Amend/Correct, stating that the pending charges in Florida were dismissed, and thus, the firearm enhancement should not have been calculated during sentencing.

## DISCUSSION

The Court applies the standards set forth in Federal Rule of Civil Procedure 59(e) to motions for reconsideration in the criminal context. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 78-79 (1964)) (discussing application of civil standard to criminal actions in the context of motions for rehearing at the appellate level). Motions for reconsideration serve a narrow purpose: (1) to allow a party to correct manifest errors of law or fact; or (2) to present newly discovered evidence. *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation omitted)). It is improper to rehash evidence and arguments "that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted); *see also Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017). Thus, relief under Rule 59(e) is an extraordinary remedy that should be used sparingly. *See Templet*, 367 F.3d at 479.

Much like Ross' previous motion to reconsider, the instant Motion reasserts arguments previously considered and rejected by the Court.  Ross has failed to provide any newly discovered evidence that would affect the accuracy of the Court's prior decision denying his requests for compassionate release.  The Court notes Ross' concern regarding the Delta variant and the effect it may have on his pre-existing conditions.  However, Ross has not demonstrated that the COVID-19 variant mitigates the effectiveness of his vaccine, nor has he disproven that FCI Butner is taking precautionary measures to protect the inmates in its care.  *See, e.g.*, *United States v. Johnson*, No. 2:14-cr-127-ALM-12, 2021 WL 3173346 at *3 (S.D. Ohio July 27, 2021); *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600 at *3 (D. Kan. July 23, 2021).  Furthermore, the arguments Ross asserts in seeking reconsideration do not demonstrate that the Court's Memorandum Opinion and Order contained any manifest errors of law or fact.  Ross also has not pointed to any change in the applicable law.  As a result, Ross' Motion to Reconsider is denied.

Ross also claims that the firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) should not have been calculated at sentencing.  (*See* Presentence Invest. Rep., ¶ 36, at 8, ECF No. 29).  Specifically, he argues that the state charges have been dismissed.  Ross is mistaken.  Section 2D1.1(b)(1) permits an increase by 2 levels if a dangerous weapon (including a firearm) was possessed.  *See* U.S.S.G. § 2D1.1(b)(1).  The Government need only establish possession by a preponderance of the evidence.  *See United States v. Webster*, 960 F.2d 1301, 1310 (5th Cir. 1994). The PSR clearly reflects that a search warrant was executed at Ross' residence in

Mary Esther, Florida, in which two firearms were found. (*See* PSR, at 11-13, at 4-5, ECF No. 29). The officers also located drug paraphernalia. (*See id.*) Dismissal of the State of Florida's pending charges have no effect on the Government's prosecution of the instant offense. (*See id.* at ¶ 59, at 12, ECF No. 29); *see also United States v. Lopez*, 43 F.3d 669, 669 (5th Cir. 1994). Thus, Ross' argument is without merit. The Motion to Amend/Correct is therefore denied.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [72] Motion to Reconsider and the [78] Motion to Amend/Correct filed by Defendant Antonio Michael Ross are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of August, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE